IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TYRONE THURMAN,<br><br>                Plaintiff<br>    VS.<br><br>DAN JORDAN,<br><br>                Defendant | NO. 5:10-CV-22 (CAR)<br><br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

# RECOMMENDATION

Before the court is plaintiff Tyrone Thurman's motion seeking a preliminary injunction. Tab #10. Within this motion, the plaintiff demands an order "barring said defendant Dan Jordan, Clerk of Superior Court, from accepting or processing any and all documents related to the plaintiff ." In addition, plaintiff contends that the defendant "should appoint one of his associates to process any legal materials that [he] may file upon his criminal matters," and that any such documents "should be promptly stamped and recorded into record by an employee of the Clerk's Office other than Dan Jordan."

Having carefully read the plaintiff's request, the undersigned first notes that a preliminary injunction is a drastic remedy used primarily for maintaining the *status quo* of the parties. *Cate v. Oldham,* 707 F.2d 1176, 1185 (11th Cir. 1983). Moreover, such injunctive relief is only appropriate where the movant demonstrates that (1) there is a substantial likelihood of success on the merits; (2) the injunction is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm that the injunction would cause to the non-movant; and (4) the injunction would not be adverse to the public interest. *Parker v. State Board of Pardons and Paroles*, 275 F.2d 1032, 1035 (11th Cir. 2001). Furthermore, injunctive relief will not issue unless the complained of conduct is imminent and no other relief or compensation is available. *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987).

In view of the above, and with respect to the instant case, plaintiff Thurman has failed to present any arguments or point out any evidence demonstrating that the above-cited prerequisites have been met. Accordingly, the undersigned must **RECOMMEND** that the plaintiff's request for injunctive relief be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. The Clerk is directed to serve the plaintiff at the **LAST ADDRESS** provided by him.

**SO RECOMMENDED**, this 6th day of OCTOBER, 2010



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE