IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

TYRONE THURMAN,

    Plaintiff

  VS.

DAN JORDAN,

    Defendant

NO. 5:10-CV-22 (CAR)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

# RECOMMENDATION

  Before the court are plaintiff Tyrone Thurman's motion seeking summary judgment (Tab #12) and amended motion seeking summary judgment (Tab #24). With the exception of the motions themselves, the only documentation filed in support of these motions is a letter written by the plaintiff to the defendant and a copy of the letter's envelope indicating that it had been returned unopened. The defendant has filed a response to the motions. Tab #25. The motions are ripe for review.

## FACTUAL AND PROCEDURAL BACKGROUND

  In his complaint, plaintiff Thurman alleges that on March 25, 2009, he asked defendant Dan Jordan, Clerk of the Superior Court of Jasper County, Georgia, to produce and send the record and transcript of the proceedings involving his recent criminal conviction to the Georgia Court of Appeals. Tab #1. According to plaintiff, the defendant has refused to do so. As a result, the plaintiff alleges that he has been unable to proceed with his appeal and has suffered severe mental strain, loss of sleep, and depression. By way of relief, the plaintiff demands that the defendant be ordered to prepare and transmit the above-described record and transcripts to the Georgia Court of Appeals as well an award of two-hundred-fifty-thousand-dollars ($250,000.00). After filing his complaint, but before the defendant filed an answer, the plaintiff filed a motion seeking summary judgment. Therein, he expanded his original allegations by contending that the defendant's conduct was negligent and motivated by actual malice.

Two (2) days after the plaintiff filed his motion seeking summary judgment, defendant Jordan timely answered the complaint. Therein, the defendant averred, *inter alia*, that he is entitled to immunity from this action, that the plaintiff never filed a notice of appeal, and that, pursuant to an oral order issued by a judge of the Superior Court of Jasper County, he prepared the plaintiff's complete record and transmitted it to the Georgia Court of Appeals. As such, he concluded that the instant action should be dismissed with all costs taxed against the plaintiff.

Thereafter, plaintiff Thurman filed his amended motion seeking summary judgment. In this amended motion, he restated his previous allegations and then averred that he did file a notice of appeal as well as an amended notice of appeal. Upon these assertions, the plaintiff repeated his demands for summary judgment, monetary damages, and injunctive relief. In response, the defendant observed that, despite the plaintiff's conclusory and unsupported allegations to the contrary, many issues of material fact remain unresolved thus requiring the plaintiff's motion seeking summary judgment, as amended, to be denied. The undersigned agrees.

## **LEGAL STANDARDS**

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *(a) By a Claiming Party. A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(b) By a Defending Party. A party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(c) Time for a Motion, Response, and Reply; Proceedings.*
>
>> *(1) These times apply unless a different time is set by local rule or the court orders otherwise:*
>>
>>> *(A) a party may move for summary judgment at any time until 30 days after the close of all discovery;*
>>>
>>> *(B) a party opposing the motion must file a response within 21 days after the motion is served or a responsive pleading is due, whichever is later; and*
>>>
>>> *(C) the movant may file a reply within 14 days after the response is served.*
>>
>> *(2) The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences drawn therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the opposing party cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, Slip Opinion No. 92-2485, 1993 U.S. App. LEXIS 33079 (11th Cir.). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn therefrom in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). " If the facts, taken in the light most favorable to the Plaintiff do not establish a constitutional violation, then the public official should be granted summary judgment as a matter of law." *Brown v. Smith*, 813 F.2d 1187, 1188 (11th Cir. 1987).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

---

[1] *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the non-movant).

## DISCUSSION AND CONCLUSION

Having reviewed the record in this case, it appears that plaintiff Thurman has failed to meet his burden of demonstrating to the court, by reference to the pleadings, depositions, answers to interrogatories, and admissions, that there is an absence of any genuine issue of material fact. Stated differently, the plaintiff's reliance upon his own unsupported assertions and a letter which, on its face, demonstrates that it was never read by the defendant, when considered in combination with the defendant's averments, are simply not sufficient to demonstrate the absence of any issue of disputed material facts or entitlement to judgment as a matter of law.

Accordingly, **IT IS RECOMMENDED** that the plaintiff's MOTION FOR SUMMARY JUDGMENT and AMENDED MOTION FOR SUMMARY JUDGMENT be **DENIED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 14th day of OCTOBER, 2010

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE